08-30-4897                                                    ARDC No. 01144642

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ERNAN ALFARO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No.    08 CV 2646 |
| | ) | |
| **DETECTIVE LANGHENRY, UNKNOWN** | ) | **Judge Gettleman** |
| **OFFICERS, and the VILLAGE OF** | ) | **Magistrate Judge Cole** |
| **HANOVER PARK, IL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER

NOW COME the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, by and through their Attorneys, HARTIGAN & O'CONNOR P.C., and for their Answer to Plaintiff's Complaint at Law hereby state as follows:

## JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

ANSWER:    The Defendants admit that the Sections cited in Paragraph One (1.) of Plaintiff's Complaint at Law do exist, but deny any applicability to the facts as alleged in Plaintiff's Complaint at Law.

## PARTIES

1

2.    PLAINTIFF is a resident of the State of Illinois and of the United States.

ANSWER:    The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in  Paragraph Two (2.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

3.    The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the VILLAGE OF HANOVER PARK, IL.

ANSWER:    The Defendants admit the Allegations contained in Paragraph Three (3.) of Plaintiff's Complaint at Law.

4.    The VILLAGE OF HANOVER PARK is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the Monell claim alleged herein). At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the VILLAGE OF HANOVER PARK.

ANSWER:    The Defendants admit the Allegations contained in Paragraph Four (4.) of Plaintiff's Complaint at Law.

**FACTS**

2

5.     On or about July 22,2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

ANSWER:     The Defendants deny the Allegations contained in Paragraph Five (5.) of Plaintiff's Complaint at Law.


6.     Additionally, on or about August 13, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

ANSWER:     The Defendants deny the Allegations contained in Paragraph Six (6.) of Plaintiff's Complaint at Law.


7.     On or about July 22, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

ANSWER:     The Defendants deny the Allegations contained in Paragraph Seven (7.) of Plaintiff's Complaint at Law.


8.     On or about August 13, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

ANSWER:     The Defendants deny the Allegations contained in Paragraph Eight (8.) of Plaintiff's Complaint at Law.

9.    The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Nine (9.) of Plaintiff's Complaint at Law.

10.    The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Ten (10.) of Plaintiff's Complaint at Law.

11.    On July 22,2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Eleven (11.) of Plaintiff's Complaint at Law.

12.    On August 13, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

4

ANSWER:    The Defendants deny the Allegations contained in Paragraph Twelve (12.) of Plaintiff's Complaint at Law.

13.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

ANSWER:    The Defendants deny that they were involved in any acts or omissions and further deny that the Plaintiff was damaged.


14.    On or about July 22,2007, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the VILLAGE OF HANOVER PARK. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

ANSWER:    The Defendants admit employment, but deny any wrongful conduct complained of, as alleged in Paragraph Fourteen (14.) of Plaintiff's Complaint at Law.


15.    On or about August 13, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the VILLAGE OF HANOVER PARK. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

ANSWER:    The Defendants admit they were employed, but deny any wrongful conduct complained of, as alleged in Paragraph Fifteen (15.) of Plaintiff's Complaint at Law.

16.    Upon information and belief, DETECTIVE LANGHENRY, on July 22,2007, came into physical contact with PLAINTIFF.

ANSWER:    The Defendant LANGHENRY admits that he used force necessary to extract the Plaintiff who was resisting and holding on to a door handle and not cooperating with the Officers.

17.    Upon information and belief, UNKNOWN OFFICERS, on July 22,2007, came into physical contact with PLAINTIFF.

ANSWER:    The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in  Paragraph Seventeen (17.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.

18.    Upon information and belief, DETECTIVE LANGHENRY, on August 13,2007, came into physical contact with PLAINTIFF.

ANSWER:    The Defendants deny that DETECTIVE LANGHENRY had any contact with Plaintiff on August 13, 2007.

6

19.    Upon information and belief, UNKNOWN OFFICERS, on August 13, 2007, came into physical contact with PLAINTIFF.

ANSWER:    The Defendants have knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in  Paragraph Nineteen (19.) of Plaintiff's Complaint, and, therefore, neither admit nor deny same, but demand strict proof thereof.


## CONSPIRACY

20.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a.    agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

    b.    using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

    c.    agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

    d.    agreeing not to report each other after falsely arresting and/or charging PLAINTIFF; and

    e.    generating false documentation to cover-up for their own and each other's misconduct.

ANSWER:    a.-e. The Defendants deny the Allegations contained in subparagraphs a.-e. of Paragraph Twenty (20.) of Plaintiff's Complaint at Law.


21.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about July 22,2007, whereby the DEFENDANT

7

OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, inter alia, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Twenty One (21.) of Plaintiff's Complaint at Law, and further deny any conspiracy.


22.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about August 13, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, inter alia, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Twenty Two (22.) of Plaintiff's Complaint at Law, and further deny any conspiracy.


## EQUAL PROTECTION

23.    The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their

duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the

Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Twenty Three

(23.) of Plaintiff's Complaint at Law, and further deny any Equal Protection

violation.


24.    With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that

regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational

basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim

and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The

DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently

and trying to cause further injury to PLAINTIFF by generating false evidence against

PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in

incidents with police officers that were not the victims of police misconduct and/or potential

claimants against Police Officers.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Twenty Four

(24.) of Plaintiff's Complaint at Law, and further deny the Plaintiff was a

"class of one".

## MONELL ALLEGATIONS

25.   It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the VILLAGE OF HANOVER PARK to perform the following acts and/or omissions:

  a.    generate false documentation to cover-up for the misconduct of fellow police officers;

  b.    engage in acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

  c.    fail to properly discipline officers from said police department who have committed acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

  d.    fail to properly investigate a complaint of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a VILLAGE OF HANOVER PARK police officer upon another;

  e.    fail to take proper remedial action against a VILLAGE OF HANOVER PARK police officer once it is determined that an act of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

  f.    allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

  g.    fail to provide adequate sanctions/discipline to officers who commit false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.    fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, inter alia false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.    fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the VILLAGE OF HANOVER PARK police department;

j.    fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the VILLAGE OF HANOVER PARK police department;

k.    fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, inter alia, false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.    fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the VILLAGE OF HANOVER PARK police department;

m.    fail to properly investigate officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens. excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

11

n.    fail to take proper remedial action with officers who commit acts of false arrest, fabrication of evidence. malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens; and

o.    fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules. policies and procedures of the VILLAGE OF HANOVER PARK police department.

ANSWER:    a.-o. The Defendants deny the Allegations contained in subparagraphs a.-o.

of Paragraph Twenty Five (25.) of Plaintiff's Complaint at Law.

26.    This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the VILLAGE OF HANOVER PARK for a significant period of time, so much so, that police officers for the VILLAGE OF HANOVER PARK recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the VILLAGE OF HANOVER PARK police department in order to permit said conduct to re-occur.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Twenty Six

(26.) of Plaintiff's Complaint at Law.

27.    A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department. regarding police officer misconduct.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Twenty Seven

(27.) of Plaintiff's Complaint at Law.


## COUNT I
## §1983 Excessive Force

28.    PLAINTIFF re-alleges paragraphs 1 - 28 as though fully set forth herein.

ANSWER:    The Defendants reanswer and restate their responses to Paragraphs One

through Twenty Seven (1.-27.) as their answer to Paragraph Twenty Eight

(28.) of Count I of Plaintiff's Complaint at Law, as more fully set forth herein

and incorporate them by reference.


29.    The actions, and/or the failure to intervene in the actions, of the DEFENDANT

OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates

the Fourth Amendment of the United States Constitution.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Twenty Nine

(29.) of Count I of Plaintiff's Complaint at Law.


30.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the constitutional violations set forth above.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Thirty (30.) of

Count I of Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, pray that Count I of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.

## COUNT II
### §1983 False Arrest

31.     PLAINTIFF re-alleges paragraphs 1 - 28 as though fully set forth herein.

ANSWER:     The Defendants reanswer and restate their responses to Paragraphs One through Twenty Eight (1.-28.) as their answer to Paragraph Thirty One (31.) of Count II of Plaintiff's Complaint at Law, as more fully set forth herein and incorporate them by reference.


32.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

ANSWER:     The Defendants deny the Allegations contained in Paragraph Thirty Two (32.) of Count II of Plaintiff's Complaint at Law.


33.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

14

ANSWER:     The Defendants deny the Allegations contained in Paragraph Thirty Three

(33.) of Count II of Plaintiff's Complaint at Law.


WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF
HANOVER PARK, a Municipal Corporation, pray that Count II of Plaintiff's lawsuit be
dismissed, with costs assessed against the Plaintiff.


## COUNT III
## False Arrest -State Claim

34.     PLAINTIFF re-alleqes paragraphs 1 - 28 as though fully set forth herein.

ANSWER:     The Defendants reanswer and restate their responses to Paragraphs One

through Twenty Eight (1.-28.) as their answer to Paragraph Thirty Four (34.)

of Count III of Plaintiff's Complaint at Law, as more fully set forth herein and

incorporate them by reference.


35.     The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to
believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT
OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

ANSWER:     The Defendants deny the Allegations contained in Paragraph Thirty Five

(35.) of Count III of Plaintiff's Complaint at Law.


36.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and
proximate cause of the violations set forth above.

15

ANSWER:    The Defendants deny the Allegations contained in Paragraph Thirty Six (36.) of Count III of Plaintiff's Complaint at Law.


WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, pray that Count III of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.


**COUNT IV**
**Battery -State Claim**

37.    PLAINTIFF re-alleges paragraphs 1 - 28 as though fully set forth herein.

ANSWER:    The Defendants reanswer and restate their responses to Paragraphs One through Twenty Eight (1.-28.) as their answer to Paragraph Thirty Seven (37.) of Count IV of Plaintiff's Complaint at Law, as more fully set forth herein and incorporate them by reference.


38.    The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Thirty Eight (38.) of Count IV of Plaintiff's Complaint at Law.


39.    The conduct of the DEFENDANT OFFICERS was in violation of Illinois law.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Thirty Nine (39.) of Count IV of Plaintiff's Complaint at Law.

16

40.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Forty (40.) of Count IV of Plaintiff's Complaint at Law.


WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, pray that Count IV of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.


## COUNT V
## § 1983 Conspiracy Claim

41.    PLAINTIFF re-alleges paragraphs 1 - 28 as though fully set forth herein.

ANSWER:    The Defendants reanswer and restate their responses to Paragraphs One through Twenty Eight (1.-28.) as their answer to Paragraph Forty One (41.) of Count V of Plaintiff's Complaint at Law, as more fully set forth herein and incorporate them by reference.


42.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, inter alia, the Fourth Amendment and Fourteenth Amendment.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Forty Two (42.) of Count V of Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, pray that Count V of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.

## COUNT VI
## Conspiracy Claim - State Law

43.     PLAINTIFF re-alleges paragraphs 1 - 28 as though fully set forth herein. 44. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

ANSWER:     The Defendants reanswer and restate their responses to Paragraphs One through Twenty Eight (1.-28.) as their answer to Paragraph Forty Three (43.) of Count VI of Plaintiff's Complaint at Law, as more fully set forth herein and incorporate them by reference.


WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, pray that Count VI of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.


## COUNT VII
## § 1983 Equal Protection - Class of One

46.     PLAINTIFF re-alleges paragraphs 1 - 28 as though fully set forth herein.

ANSWER:    The Defendants reanswer and restate their responses to Paragraphs One
through Twenty Eight (1.-28.) as their answer to Paragraph Forty Six (46.) of
Count VII of Plaintiff's Complaint at Law, as more fully set forth herein and
incorporate them by reference.

47.    The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause
to the United States Constitution.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Forty Seven
(47.) of Count VII of Plaintiff's Complaint at Law.

48.    The aforementioned actions of said OFFICERS were the direct and proximate cause
of the constitutional violations set forth above.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Forty Eight
(48.) of Count VII of Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF
HANOVER PARK, a Municipal Corporation, pray that Count VII of Plaintiff's lawsuit be
dismissed, with costs assessed against the Plaintiff.

## COUNT VIII
## -Monell

49.    PLAINTIFF re-alleges paragraphs 1- 28 as though fully set forth herein.

ANSWER:     The Defendants reanswer and restate their responses to Paragraphs One

through Twenty Eight (1.-28.) as their answer to Paragraph Forty Nine (49.)

of Count VIII of Plaintiff's Complaint at Law, as more fully set forth herein and

incorporate them by reference.


50.    As a direct and proximate result of the aforementioned acts and omissions by

Defendant VILLAGE OF HANOVER PARK there existed a custom, practice, policy, and/or

pattern, either implicit or explicit, of the VILLAGE OF HANOVER PARK in which officers

were not held accountable for their wrongful and/or illegal acts.

ANSWER:     The Defendants deny the Allegations contained in Paragraph Fifty (50.) of

Count VIII of Plaintiff's Complaint at Law.


51.    Said custom, practice, policy, and/or pattern of the VILLAGE OF HANOVER PARK

encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful

acts of the OFFICERS.

ANSWER:     The Defendants deny the Allegations contained in Paragraph Fifty One  (51))

of Count VIII of Plaintiff's Complaint at Law.


52.    As a direct and proximate result of said custom, practice, policy, and/or pattern,

either implicit or explicit, of the VILLAGE OF HANOVER PARK, PLAINTIFF was injured in a

personal and pecuniary manner.

ANSWER:    The Defendants deny the Allegations contained in Paragraph Fifty Two (52.)

of Count VIII of Plaintiff's Complaint at Law.


WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, pray that Count VIII of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.


## COUNT IX
## 745 ILCS 10/9-102 Claim Against the VILLAGE OF HANOVER PARK

53.    PLAINTIFF re-alleges paragraphs 1 - 28 as though fully set forth herein.

ANSWER:    The Defendants reanswer and restate their responses to Paragraphs One

through Twenty Eight (1.-28.) as their answer to Paragraph Fifty Three (53.)

of Count IX of Plaintiff's Complaint at Law, as more fully set forth herein and

incorporate them by reference.


54.    Defendant VILLAGE OF HANOVER PARK is the employer of the DEFENDANT OFFICERS alleged above.

ANSWER:    The Defendants admit the Allegations contained in Paragraph Fifty Four

(54.) of Count IX of Plaintiff's Complaint at Law.


55.    The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the VILLAGE OF HANOVER PARK.

ANSWER:    The Defendants deny they committed any wrongful acts complained of, as referenced in Paragraph Fifty Five (55.) of Count IX of Plaintiff's Complaint at Law.


WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, pray that Count IX of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.


## COUNT X
## Supplementary Claim for Respondeat Superior

56.    PLAINTIFF re-alleges paragraphs 1 - 28 as though fully set forth herein.

ANSWER:    The Defendants reanswer and restate their responses to Paragraphs One through Twenty Eight (1.-28.) as their answer to Paragraph Fifty Six (56.) of Count X of Plaintiff's Complaint at Law, as more fully set forth herein and incorporate them by reference.


57.    The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant VILLAGE OF HANOVER PARK, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

ANSWER:    The Defendants deny they committed any wrongful acts, but state that they were employed by the VILLAGE OF HANOVER PARK during the time as alleged in Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, pray that Count X of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.

Respectfully Submitted,


/s/Russell W. Hartigan
Russell W. Hartigan, One of the Attorneys for the Defendants, Detective Langhenry and Village of Hanover Park, a Municipal Corporation

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & O'CONNOR P.C.
20 North Clark Street, Suite 1250
Chicago, Illinois 60602
(312)201-8880

**STATE OF ILLINOIS**        )
                             ) SS.
**COUNTY OF COOK**           )

## <u>STATEMENT OF LACK OF KNOWLEDGE</u>

I, Russell W. Hartigan, on Oath solemnly depose and state that I am empowered to represent the interests of the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, and with reference to Paragraphs Two (2.), Seventeen (17.), and Nineteen (19.) of Plaintiff's Complaint-At-Law hereby state that I have insufficient knowledge to form an opinion as to the truth or falsity of the allegations contained therein.

/s/Russell W. Hartigan_____
Russell W. Hartigan

SUBSCRIBED AND SWORN to
before me this _____ day of _____, 2008.

_____
Notary Public

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & O'CONNOR P.C.
20 North Clark Street
Suite 1250
Chicago, Illinois 60602
(312)201-8880

## AFFIRMATIVE DEFENSES

Without prejudice to any of the previous admissions and/or denials contained in their Answer, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, set forth the following Affirmative Defenses to the Plaintiff's Complaint at Law.

## FIRST AFFIRMATIVE DEFENSE

1.     Neither the VILLAGE OF HANOVER PARK nor DETECTIVE LANGHENRY is liable because the Defendants acted with probable cause at all times alleged in the Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, respectfully request this Honorable Court dismiss Plaintiff's Complaint with prejudice with costs assessed against the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

1.     That the Defendant Officer, DETECTIVE LANGHENRY, at all times relevant hereto, was engaged in the performance of his official duties as a Police Officer for the VILLAGE OF HANOVER PARK.

2.     That the actions of the Defendant, DETECTIVE LANGHENRY, at all times relevant hereto, were lawful and proper.

3.     That at all times relevant hereto, the Defendant, DETECTIVE LANGHENRY, was engaged in a lawful Police arrest.

4.     That these Defendants at all times relevant hereto, reasonably

believed that their conduct was lawful in this arrest.

5.    That the Defendant, DETECTIVE LANGHENRY, has qualified immunity as to the allegations contained in the Plaintiff's Complaint.

WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, pray this Honorable Court enter judgment in their favor and against the Plaintiff and for such other and further relief as this Court deems just and proper.

## THIRD AFFIRMATIVE DEFENSE

1.    Plaintiff has failed to state a claim upon which relief can be granted in the Complaint at Law.

2.    Plaintiff has failed to allege a cognizable deprivation of liberties by these Defendants.

WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, respectfully request this Honorable Court dismiss Plaintiff's Complaint against the Defendants and for such other and further relief as this Court deems just and proper.

## FOURTH AFFIRMATIVE DEFENSE

1.    That these Defendants assert that the Plaintiff's own negligence was the direct and proximate cause of any alleged injuries.

WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, pray this Honorable Court enter judgment

in their favor and against the Plaintiff and reduce any award in favor of the Plaintiff by the amount of Plaintiff's own contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

1.    Plaintiff's claims are barred by the Statute of Limitations.

WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, respectfully request this Honorable Court dismiss the Plaintiff's Complaint with prejudice, with costs assessed against Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

1.    Any award obtained by the Plaintiff must be reduced to the extent to which the Plaintiff has failed to discharge his duty to mitigate damages commensurate with the degree of failure to mitigate attributed to the Plaintiff by the jury in this case.

WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, request this Honorable Court reduce any award in favor of the Plaintiff by the degree to which Plaintiff failed to mitigate his damages.

## SEVENTH AFFIRMATIVE DEFENSE

1.    The VILLAGE is not liable to Plaintiff on any State law claim if the individual Defendants are not found liable to the Plaintiff on such a claim, pursuant to 745 ILCS 10/2-109.

WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, respectfully request this Honorable Court

dismiss the Plaintiff's Complaint with prejudice, with costs assessed against Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

1.    That the VILLAGE cannot be held liable for civil rights violations under a theory of respondeat superior pursuant to <u>Monelle v. N.Y. Department of Social Services</u>, 436 U.S. 658 (1978).

WHEREFORE, the Defendants, DETECTIVE LANGHENRY and VILLAGE OF HANOVER PARK, a Municipal Corporation, respectfully request this Honorable Court dismiss the Plaintiff's Complaint with prejudice, with costs assessed against Plaintiff.

Respectfully Submitted,

/s/Russell W. Hartigan
Russell W. Hartigan, One of the Attorneys for the
Defendants, Detective Langhenry and Village of
Hanover Park, a Municipal Corporation

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & O'CONNOR P.C.
20 North Clark Street
Suite 1250
Chicago, Illinois 60602
(312)201-8880

28