IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERNAN ALFARO,<br><br>    Plaintiff,<br><br>    v.<br><br>DETECTIVE LANGHENRY, UNKNOWN OFFICERS, and the VILLAGE OF HANOVER PARK, IL,<br><br>    Defendants. | No. 08-cv-2646<br><br>JUDGE GETTLEMAN<br><br>MAGISTRATE JUDGE COLE |

**JOINT INITIAL STATUS REPORT**

A. The date and time this matter is set for a status report before the Court.

   The initial status hearing is set for September 3, 2008 at 9:00 a.m.


B. The attorneys of record for each party, indicating which attorney is expected to try the case.

   Plaintiff is represented by Horwitz, Richardson & Baker, LLC, Blake Horwitz is the lead trial attorney, and Amanda Yarusso is the main attorney for litigating the matter until trial. Defendant Village of Hanover Park and Detective Langhenry are represented by Hartigan & O'Connor P.C.  Russell Hartigan is the lead trial attorney assisted by Patrick O'Connor and then Michael Hartigan.


C. The basis of federal jurisdiction.

   Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

1

D. Whether a jury has been requested and by which party.

Both parties have requested a jury trial.

E. The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case.

Plaintiff is claiming excessive force against the Defendants pursuant to Section 1983 and the Fourth Amendment. Plaintiff is also bringing claims for false arrest, conspiracy, and equal protection class-of-one against the Defendant officers. Plaintiff is bringing claims of *Monell* and *respondeat superior* liability against the Defendant municipality.

On July 22, 2007, the Defendant officers arrived at the scene of an incident and took Plaintiff Ernan Alfaro into custody. In the process of doing so, (Plaintiff alleges) they used more force than was necessary on Plaintiff, causing injuries, including fractured ribs. The Plaintiff's brother also sustained a broken wrist at the hands of the officers. The Defendants deny that the force was unreasonable and deny the remainder of Plaintiff's claims.

F. The relief sought by any party, including computation of damages, if available.

Plaintiff seeks compensatory damages for his injuries, pain and suffering, as well as punitive damages, attorneys' fees and costs. No exact computation of damages is available yet.

G. The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party.

All named parties have been served and appeared. Additional officers may be named as Defendants after initial written discovery is exchanged. Furthermore, Plaintiff's brother may join as a plaintiff. The proposed discovery schedule should not be adversely affected by these additional parties.

H. The principal legal issues (including the citation to any key legal authority related to such issue).

The principal legal issues concern the reasonableness of any force used and the probable cause to arrest. In addition, the elements for equal protection class-of-one, conspiracy and *Monell* are at issue.

I. The principal factual issues, including the parties' respective positions on those issues.

Basically, the Plaintiff alleges he was beaten and abused without justification in that he did nothing to justify the officers' actions. The Defendants assert that their actions were justified and the force used was reasonable.

J. A brief description of all anticipated motions.

None at this time.

K. A proposed discovery plan pursuant to F. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.

Discovery requests have been issued by the parties. Depositions have been scheduled and are proceeding forward. The parties propose the following discovery schedule:

2. Rule 26(a)(1) disclosures due by September 22, 2008.

3. Fact discovery to be completed by February 28, 2009.

4. Expert discovery to be completed by May 30, 2009, reports to be disclosed 30 days prior.

L. The earliest date the parties would be ready for trial and the probable length of trial.

The parties would be ready for trial in August 2009 and the trial would probably last 5 days.

M. The status of any settlement discussions and whether a settlement conference would be appropriate. In this regard, counsel are directed to consider and discuss with their respective clients and each other the possibility of attempting to resolve this matter through alternative dispute resolution (ADA), and to briefly set forth the results of such consideration and discussion. For Lahnam Act cases, the parties must comply fully with Local General Rule 5.10.

The Plaintiff has issued a settlement demand to Defendants and awaits a response. At this time, the parties do not need a settlement conference. If one is requested in the future, the parties will promptly let the Court know.

N. Whether the parties will consent to trial before a magistrate judge.

The parties do not consent to trial before a magistrate judge (at this juncture).

s/ Amanda S. Yarusso
Amanda S. Yarusso
Attorney for Plaintiff
**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

s/ Russell Hartigan
Russell W. Hartigan, One of the Attorneys for the Defendants, Detective Langhenry and Village of Hanover Park, a Municipal Corporation
Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & O'CONNOR P.C.
20 North Clark Street
Suite 1250
Chicago, Illinois 60602
(312)201-8880

5